UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO. 1:16-CV-145-PPS-SLC |
| ) | |
| NORMAN E. KAIN, SALLY A. KAIN, and ) | |
| SOVEREIGN FINANCIAL MANAGEMENT, ) | |
| ) | |
| Defendants. ) | |

### ORDER

This matter is before the Court on the United States' Motion for: (1) Judgment on the Pleadings Against Defendant Norman E. Kain; and (2) Default Judgment Against Defendants Sally A. Kain and Sovereign Financial Management. [DE 24.] As the United States points out, Norman Kain "answered" the complaint by filing several somewhat nonsensical "Notices" wherein he only seeks to contest the jurisdiction of the Court, but has otherwise failed to defend against the allegations pleaded in the complaint. [DE 25 at 2.] Mr. Kain has not provided any factual grounds for why jurisdiction is lacking. Despite Mr. Kain's unsupported contentions, I have jurisdiction over this action.

Mr. Kain contends that the issue of jurisdiction must be decided by a grand jury, but this is a civil proceeding to reduce federal tax assessments to judgment and enforce federal tax liens, not a federal criminal prosecution. I may determine my own jurisdiction to entertain this action. In the complaint, the United States alleges that

Norman Kain resides in Wells County, Indiana and that the real property against which it seeks to enforce federal tax liens also is located in Wells County (facts that Mr. Kain does not contest), which provides an adequate basis for personal jurisdiction. For these reasons, venue also is proper. *See* 28 U.S.C. §§ 1391(b) and 1396. I have subject matter jurisdiction over this action pursuant to 26 U.S.C. §§ 7402(a) and 7403, and 28 U.S.C. §§ 1331, 1340, and 1345. Furthermore, this case clearly invokes federal question jurisdiction because it is a civil action commenced by the United States seeking to enforce the internal revenue laws. For these reasons, I have jurisdiction over this action and Kain cannot rely on a jurisdictional argument to support his refusal to defend against the allegations pleaded in the complaint.

In support of its motion for judgment on the pleadings against Mr. Kain, the United States asserts that because Mr. Kain failed to properly answer the complaint and deny the allegations contained therein, they are deemed admitted. The United States is correct. But because Mr. Kain is proceeding pro se, I will give him one final opportunity to remedy his mistake and file an answer that complies with Federal Rule of Civil Procedure 8 prior to ruling on the Unites States' motion. I caution Mr. Kain that if he continues to file "Notices" challenging my jurisdiction instead of the requisite responsive pleading, all facts in the complaint will be deemed admitted by him and he risks the entry of judgment against him on the pleadings.

ACCORDINGLY:

I **ORDER** Norman Kain to file an answer that complies with Federal Rule of Civil Procedure 8 no later than **November 28, 2016**.  I take the United States' Motion for: (1) Judgment on the Pleadings Against Defendant Norman E. Kain [DE 24] under advisement pending the filing of an answer by Norman Kain.

**SO ORDERED**.

ENTERED: November 16, 2016

s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
