UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:16-CV-145-PPS-SLC |
| | ) |
| NORMAN E. KAIN, SALLY A. KAIN, and | ) |
| SOVEREIGN FINANCIAL MANAGEMENT, | ) |
| | ) |
| Defendants. | ) |

## **OPINION AND ORDER**

This matter is before the Court on the United States' Motion for: (1) Judgment on the Pleadings Against Defendant Norman E. Kain; and (2) Default Judgment Against Defendants Sally A. Kain and Sovereign Financial Management. [DE 24.] In an Order dated November 16, 2016, I took the government's motion under advisement, explained to Defendant Norman E. Kain that I have jurisdiction over this action, and gave him until November 28, 2016 to file an answer that complied with Federal Rule of Civil Procedure 8. [DE 33.] Until that point, Mr. Kain only "answered" the complaint by filing several somewhat nonsensical "Notices" wherein he contested the jurisdiction of the Court and otherwise failed to defend against the allegations pleaded in the complaint. In my Order, I cautioned Mr. Kain that if he continued to file "Notices" challenging jurisdiction instead of the requisite responsive pleading, all facts in the complaint will be deemed admitted by him and he risks the entry of judgment against him on the pleadings. [*Id.*] Mr. Kain responded to my order by filing yet another notice

contesting jurisdiction and demanding dismissal or "full disclosure of the true jurisdiction of this Court." [DE 34 at 1.] In other words, Mr. Kain did exactly what I cautioned him not to and, as a result, it is time for me to rule on the government's motion, which I grant.

The United States initiated this action by filing a Complaint on May 5, 2016. [DE 1.] In a nutshell, the government brought this action against Mr. Kain to establish his tax liability for unpaid taxes and penalties and foreclose on his house to satisfy his liability to the United States and included as parties those with potential interests in the property. According to the Complaint, Defendants Norman Kain and his wife, Defendant Sally Kain, reside in Wells County, Indiana. [DE 1 at ¶¶3-4.] The Secretary of the Treasury of the United States made various assessments against Mr. Kain for federal income taxes, penalties, and interest for tax years 2000-2006 and 2008 for a total of $91,382.05. [*Id.* ¶12.] These assessments are detailed in the government's Complaint. [*Id.*] The Secretary of the Treasury gave Mr. Kain notice of those tax liabilities and made demand for payment of the balance due, but Mr. Kain failed, neglected, or refused to pay those tax liabilities and remains liable to the United States for the unpaid balance of his 2000-2006 and 2008 federal income tax liabilities, which had balances due with accruals as of March 21, 2016. [*Id.* ¶¶13-14.]

In addition, the Secretary of the Treasury made various assessments against Mr. Kain pursuant to 26 U.S.C. § 6702 for filing frivolous federal income tax returns for a total of $95,694.04. [*Id.* ¶15.] These assessments are likewise detailed in the

government's Complaint. [*Id*.] The Secretary of the Treasury gave Mr. Kain notice of those liabilities and made demand for payment of the balance due, but Mr. Kain failed, neglected, or refused to pay those civil penalties and remains liable to the United States for the unpaid balance of his 1994-2006 and 2008 civil penalties, which had balances due with accruals as of March 21, 2016. [*Id.* ¶¶16-17.]

As a result of Mr. Kain's failure to pay his tax liabilities, federal tax liens in the amount of the original assessments, plus interest and other statutory additions, arose on the dates of the assessments and attached to all property and rights to property belonging to Mr. Kain. This included the property at issue in this action— Mr. and Mrs. Kain's residence at 632 South Main Street, Bluffton, Indiana 46714. [*Id.* ¶8 and ¶31.] For ease of reference I will call this property "the Real Property" throughout the remainder of this Opinion. The government's Complaint contains a detailed description of the attachment of the federal tax liens to the Real Property. [*Id.* ¶¶21-26.]

Title to the Real Property was first transferred to Mr. and Mrs. Kain through a properly executed and delivered warranty deed dated May 19, 1977 and recorded with the Wells County Recorder fours days later. [*Id.* ¶9.] Title to the Real Property was purportedly transferred from Mr. and Mrs. Kain for $10 or less to Defendant Sovereign Financial Management through a "quitclaim deed" recorded with the Wells County recorder on October 23, 1996. [*Id.* ¶10.] The United States alleges, however, that this transfer was invalid because the quitclaim deed was not property executed and delivered as it did not include a full description of the Kains' property as required by

3

Ind. Code § 32-1-1-13. Therefore, according to the United States, the house is still owned by Mr. and Mrs. Kain. [*Id.* ¶¶19, 27.] The government alleges that Sovereign Financial Management is a sham and not a valid legal entity. [*Id.* ¶27.] Specifically, the government alleges that Mr. Kain continues to exercise dominion and control over the Real Property, enjoys the benefits of ownership of the Real Property, and retains possession of and resides in the Real Property. [*Id.* ¶¶28- 30.]

In addition, the government alleges that Mr. Kain placed the Real Property in the name of Sovereign Financial Management in anticipation of a suit or occurrence of tax liabilities as a result of his refusal to file federal tax returns and failure to pay his federal taxes. [*Id.* ¶32.] Neither the State of Indiana, nor the State of Arizona—where Sovereign Financial Management purportedly had a Contract and Declaration of Trust recorded in 1994—have any records of any entity under the name "Sovereign Financial Management." [*Id.* ¶¶33-35.] The government alleges that, "'Sovereign Financial Management' exists, if at all, solely as an artifice with the purpose to obstruct and defraud the creditors of defendant Norman E. Kain, including the United States . . . and defendant Norman E. Kain remains the true and equitable owner of the Real Property." [*Id.* ¶¶36-37.]

For all of these reasons, the government claims that the purported transfer of record title to the Real Property from the Kains to Sovereign Financial Management was fraudulent under Ind. Code § 32-18-2-4 and the government is, therefore, entitled to avoid the purported transfer of record title or, in the alternative, a judgment finding

that Sovereign Financial Management is the mere nominee of Mr. Kain, the true and equitable owner of the Real Property, or voiding the transfer to Sovereign Financial Management and enforcing the federal tax liens attached to the Real Property. [*Id.* ¶¶40-41.]

As I noted at the outset, Mr. Kain did not properly answer or otherwise plead, despite my warnings of the consequences of failing to do so, and Mrs. Kain and Sovereign Financial Management have failed to appear or otherwise defend this action. As such, the United States filed a motion for judgment on the pleadings against Mr. Kain and default judgment against Mrs. Kain and Sovereign Financial Management. [DE 24.] Specifically, the United States asks for a judgment declaring that: (1) Mr. Kain is liable for his unpaid federal income tax liabilities and unpaid penalties; (2) the Real Property is subject to valid and subsisting federal tax liens securing the liabilities described in the Complaint; (3) the federal liens will be enforced upon the Real Property by ordering the sale of the entire Real Property, the proceeds of which to be distributed to the United States and to the Defendants Wells County, Indiana and the State of Indiana Department of Revenue, in accordance with the law; (4) Defendants Sally A. Kain and Sovereign Financial Management possess no rights, titles, claims, liens or interests in the Real Property; and (5) the United States is entitled to its costs in this action. [DE 24 at 4-5.]

Before I address the government's request for judgment on the pleadings, I must first address Defendants Sally A. Kain and Sovereign Financial Management's lack of

5

participation in this action and the government's resultant request for default judgment against them. Both parties were served on June 30, 2016 and failed to file an answer or otherwise plead. [DE 7, 8.] Clerk's entry of default was entered against Mrs. Kain and Sovereign Financial Management in August 2016 and September 2016, respectively. [DE 18, 22.] Neither defendant has had any contact with the Court in the eight months since this action was initiated and have shown no intent to defend. It is time for this matter to proceed without them. Federal Rule of Civil Procedure 55(a) provides that default should be entered against any party "against whom a judgment for affirmative relief is sought [who] has failed to plead or otherwise defend." For these reasons, I now order entry of a default judgment against Mrs. Kain and Sovereign Financial Management.

Next I turn to the government's request for judgment on the pleadings against Mr. Kain. A Rule 12(c) motion for judgment on the pleadings that appears to be aimed at disposing of the case on the basis of the underlying substantive merits, as opposed to a failure to state a claim, is governed by the standard of review applicable to summary judgment under Rule 56, but may only consider the contents of the pleading. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993). "Thus, we take all well-pleaded allegations in the plaintiffs' pleadings to be true, and we view the facts and inferences to be drawn from those allegations in the light most favorable to the plaintiffs." *Id.* A motion for judgment on the pleadings will only be granted if the moving party establishes that "no genuine issues of material fact remain to be resolved," *id.*, and "that

6

he or she is entitled to judgment as a matter of law." *National Fidelity Life Ins. Co. v. Karaganis*, 811 F.2d 357, 358 (7th Cir. 1987).

Applying this standard, I find that the government has met its burden. Mr. Kain's failure to appropriately answer the Complaint or otherwise plead means that all of the allegations contained therein are deemed admitted. FED. R. CIV. P. 8(b)(6). In doing so, Mr. Kain essentially concedes his liability. First, I look to whether Mr. Kain is liable for the assessed income taxes. A presumption of correctness attaches to a tax assessment made by the IRS. *U.S. v. Fior D'Italia, Inc.*, 536 U.S. 238, 242 (2002). While the government may adduce evidence of its tax assessments by producing Certificates of Assessments, Payments, and Other Specified Matters, Form 4340 ("Certificates of Assessment") that show the date and amount of the assessment and the nature of the liability or type of tax, it does not need not do so here because Mr. Kain admitted the liabilities pleaded in the Complaint by failing to answer. Once evidence of an assessment is introduced, the burden falls on Mr. Kain to prove that the assessment is erroneous. *U.S. v. Janis*, 428 U.S. 433, 440 (1976). But again, by only challenging jurisdiction and failing to answer, Mr. Kain has failed to meet this burden and I must accept the factual allegations in the Complaint as correct. In doing so, I find that Mr. Kain is liable for the assessed income taxes.

Next, I must determine whether Mr. Kain is the true owner of the Real Property. I find that he is. The government alleges in its Complaint that, despite the purported transfer to Sovereign Financial Management, Mr. Kain remains the true and equitable

owner of the real property and continues to exercise dominion and control, enjoy benefits of ownership, and retain possession of and reside in the Real Property. [DE 1 at ¶¶29-30, 37.] In addition, the government alleges that the purported transfer of the Real Property to Sovereign Financial Management through a "quitclaim deed" was invalid because the deed was not properly executed and delivered because it did not include a full description of the property as required by Ind. Code § 32-21-1-13. As I discussed above, Sovereign Financial Management and Mrs. Kain have failed to file an answer or otherwise plead and I have ordered default judgment to be entered against them, meaning that all of the allegations contained in the Complaint are deemed admitted by them. FED. R. CIV. P. 8(b)(6). The same goes for Mr. Kain due to his failure to properly answer. As such, the fact that Mr. Kain is the true and equitable owner of the Real Property is deemed admitted by Sovereign Financial Management, Mrs. Kain, and Mr. Kain and no further analysis is needed for me to conclude the Mr. Kain is the true owner of the Real Property.[1]

Finally, I must determine whether the government may enforce its tax liens on the Real Property and whether I may order the sale of the Real Property pursuant to 26 U.S.C. § 7403. A federal lien arises when unpaid taxes are assessed and continues until the resulting liability is either satisfied or becomes unenforceable due to the running of

---

[1] I note that the government also claims, in the alternative, that the purported transfer to Sovereign Financial Management of the Real Property was fraudulent under Ind. Code § 32-18-2-14. [DE 1 at ¶¶38-40.] I am inclined to agree, but further analysis is not necessary because the Mr. Kain has admitted to the allegations germane to the United States' request for relief.

the statute of limitations. 26 U.S.C. §§ 6321, 6322; Treas. Reg. § 301.6321-1. This lien extends to "all property and rights to property, whether real or personal." 26 U.S.C. § 6321. A taxpayer's property includes real estate. *See U.S. v. Craft*, 535 U.S. 274 (2002).

Pursuant to 26 U.S.C. § 7403, "in all cases where a claim or interest of the United States therein is established, [the court] may decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States." A judicial order of sale of property belonging to a delinquent taxpayer is "consistent with the policy inherent in the tax statutes in favor of the prompt and certain collection of delinquent taxes." *U.S. v. Rodgers*, 461 U.S. 677, 694 (1983).

As discussed above, and detailed in the Complaint, the Secretary of the Treasury of the United States made various assessments against Mr. Kain for federal income taxes, penalties, and interest for federal income tax and for filing frivolous federal income tax returns. As a result of Mr. Kain's neglect, refusal, or failure to pay his tax liabilities, federal tax liens in the amount of the original assessments, plus interest and other statutory additions, arose on the dates of the assessments and attached to all property and rights to property belonging to Mr. Kain, including the Real Property. I find that the government's lien on the Real Property is valid and I see no reason, and no party has raised one, to refuse to authorize sale of the Real Property to satisfy, to the extent possible, Mr. Kain's tax liabilities. For these reasons, I order sale of the Real

9

Property in order to collect the $187,76.09 plus accruals that Norman E. Kain owes the United States.[2]

In its motion, the government also requests costs in this action. [DE 25 at 5.] It makes no argument or reference to a statute authorizing the award of costs beyond those enumerated in Federal Rule 54(d)(1). As such, I find that, as the prevailing party, the government is entitled to costs pursuant to Rule 54(d)(1), should it choose to file a Bill of Costs after judgment is entered in this action.

ACCORDINGLY, the Court **GRANTS** the United States' Motion for: (1) Judgment on the Pleadings Against Defendant Norman E. Kain; and (2) Default Judgment Against Defendants Sally A. Kain and Sovereign Financial Management [DE 24], and **DIRECTS** the Clerk to enter final judgment in this matter as follows:

1. Judgment in favor of the plaintiff United States of America and against the defendant Norman E. Kain in the amount of $187,076.09, plus statutory additions from and after May 6, 2016, including interest pursuant to 26 U.S.C. §§ 6601, 6621, and 6622, as well as 28 U.S.C. § 1961(c).

2. The judgment referenced in paragraph 1, above, is for federal income taxes that were assessed against the defendant Norman E. Kain, in regard to the tax periods ending on December 31, 2000, December 31, 2001, December 31, 2002, December 31, 2003, December 31, 2004, December 31, 2005, December 31, 2006, and December 31, 2008, and for civil penalties that were assessed against the defendant Norman E. Kain under 26 U.S.C. § 6702(a) in regard to the tax periods ending December 31, 1994, December 31, 1995, December 31, 1996, December 31, 1997, December 31, 1998, December 31, 1999, December 31, 2000, December 31, 2001, December 31, 2002, December 31, 2003, December 31, 2004, December 31, 2005, December 31, 2006, and December 31, 2008.

---

[2]The government represents to the Court that it will recognize the priority of the Wells County lien pursuant to 26 U.S.C. § 6323(b)(6), if any.

3. The judgment referenced in paragraph 1, above, may be enforced via separate order of sale and distribution of proceeds to the plaintiff United States and the defendants Wells County, Indiana and the State of Indiana, Department of Revenue, in accordance with their lawful priorities against the real property owned by Norman E. Kain, commonly known as 632 South Main Street, Bluffton, Indiana 46714, the property identified in the complaint upon which the United States seeks to enforce its federal tax liens.

4. The defendant Sally A. Kain has no right, title, claim, lien or interest in the real property located at 632 South Main Street, Bluffton, Indiana 46714, the property identified in the complaint upon which the United States seeks to enforce its federal tax liens.

5. The defendant Sovereign Financial Management has no right, title, claim, lien or interest in the real property located at 632 South Main Street, Bluffton, Indiana 46714, the property identified in the complaint upon which the United States seeks to enforce its federal tax liens.

**SO ORDERED**.

ENTERED: January 24, 2017

s/ Philip P. Simon
**PHILIP P. SIMON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**