UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO. 1:16-cv-00145-PPS-SLC |
| | ) |
| NORMAN E. KAIN, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**

This matter has come before the Court upon Plaintiff United States' Motion for Appointment of Receiver and Order of Sale. (DE 51). After the United States filed the instant motion, Defendant Norman E. Kain responded by filing a notice (DE 52), and returning to the Court a copy of the United States' motion and the attached exhibits that had been mailed to him (DE 53). On October 2, 2017, District Judge Phillip Simon designated the undersigned Magistrate Judge to issue a report and recommendation on the United States' motion pursuant to 28 U.S.C. § 636(b)(1)(B) and Federal Rule of Civil Procedure 72(b). (DE 54).

Norman E. Kain's filings in response the United States' motion lack merit. It is difficult to discern Norman E. Kain's meaning in the "Notice and Demand for Set Off of Case," but he appears to deny the Court's authority to enter a judgment levying his property, and to demand that a private bond "set off" the judgment against him pursuant to U.C.C. §§ 501-11. (DE 52). Similarly, by returning and refusing to accept the copy of the United States' motion that he received, Norman E. Kain, again, appears to refute the legitimacy of the judgment against him. (DE 53). However, as the Court has admonished Norman E. Kain several times, the Court properly exercises jurisdiction over him and he must accept the Court's judgment. (*E.g.*, DE 48; DE 43). Further, U.C.C. §§ 501-11 is not relevant to this matter because the United States brings

its motion under 26 U.S.C. §§ 7402(a) and 7403(d). In fact, District Judge Simon has cautioned Norman E. Kain several times not to file these types of nonsensical notices. (*E.g.*, DE 48; DE 43; DE 36).

Accordingly, the undersigned Magistrate Judge recommends the United States' motion be GRANTED and that the following form of Order be entered:

### I.  APPOINTMENT OF A RECEIVER AND EVICTION

1. Jody Holloway of Coldwell Banker Holloway, located at 1103 South Main Street, Bluffton, Indiana, is appointed as Receiver, without bond, for the purposes of assisting in the enforcement of the federal tax liens against a certain parcel of real property located in Bluffton, Indiana, pursuant to 26 U.S.C. §§ 7402(a) and 7403(d), and is directed to take custody and arrange for the sale of such real property parcel located at 632 South Main Street, Bluffton, Indiana (the "Real Property"), the legal description of which is as follows:

> Part of the Southeast quarter of Section Four (4), in Township Twenty-six (26) north, range Twelve (12) east, bounded and described as follows, to-wit: Commencing at a point where the South line of the alley running East and West along the South line of Townley & Silver's South Addition intersects the West line of Main Street in the city of Bluffton, and running thence South along the West line of Main street in said city 97 feet to a stone post, thence West to the East line of Johnson Street, in the city of Bluffton, thence North along the East line of Johnson street 92 feet to the south line of the Alley above described, thence East long the south line of said Alley 295 feet to the place of beginning.

The Receiver is authorized and directed to arrange for the sale of the Real Property free and clear of any rights, titles, claims, liens, or interests of any of the parties to this action, with no right of redemption, and with the proceeds of the sale to be distributed to the United States towards the tax debts of Norman E. Kain described in this Court's Opinion and Order (DE 36), and the Amended Clerk's Entry of Judgment (DE 38), after the payment of the costs of the sale

and any outstanding real estate taxes due and owing, as well as taking into account the liens of the State of Indiana, as more fully set forth in the Stipulated Order Regarding Lien Priority and Agreed Final Judgment (DE 49).

2. The Receiver shall have the authority to arrange for the sale of the Real Property, subject to confirmation by this Court, in any manner approved by the United States. The Receiver shall also be vested with the authority to enter in his own name any and all documents necessary to effectuate the sale of the Real Property including, but not limited to, land sales contracts, rental agreements, escrow agreements, closing agreements, deeds, and residential property sales listings. The terms of any purchase agreement shall include the balance of the purchase price paid in cash, cashier's check, or certified check at closing, and may include an earnest money deposit, in an amount to be approved by the United States, forfeitable upon the purchaser's failure to perform, unless the United States has approved a contingency that allows for the refunding of an earnest money deposit and that contingency comes to pass. The closing for any parcel shall not occur until after the sale for such parcel has been confirmed and authorized by further order of this Court. At closing, the purchaser or purchasers shall receive a quitclaim or receiver's deed to the Real Property, without any warranties, executed by the Receiver under the authority of this Court.

3. The Receiver shall have all of the rights and powers necessary to fulfill the Receiver's obligations under this Order, specifically including, but not necessarily limited to the power to, enter onto the Real Property, to retain the services of a locksmith in order to gain access into and to secure the Real Property, to advertise the sale of the Real Property, to take any action reasonably necessary to protect and preserve the value of the Real Property prior to sale, and to put the Real Property into saleable condition, including making expenditures of funds that

are first approved by the United States for reasonable and necessary maintenance and improvements, including, but not limited to, the purchase of property and liability insurance, with the Receiver's expenses (other than advertising expenses and other expenses customarily borne by a real estate agent working for a customary sales commission) to be reimbursed with priority over all claims.

4. The Receiver shall be authorized to collect rent on the Real Property pending a sale of the Real property, and may apply the rent to property taxes that become due and owing, and to his reasonable and necessary expenditures (that were first approved in writing by the United States) to protect and preserve the Real Property's value. The Receiver shall hold any remaining rent in escrow and treat such amounts as sale proceeds.

5. The Receiver is required to submit progress reports to the Court every ninety days from the date of this Order until there is a final confirmation of sale.

6. The Receiver shall be compensated from the proceeds of the sale of the Real Property as follows: (a) in an amount equal to six (6) percent of the gross sale proceeds, (b) reimbursed for his reasonable and necessary expenditures to protect and preserve the value of the Real Property that was first approved by the United States; and, (c) for his Receiver's fee of $125.00 per court appearance. Any commission payable to a buyer's real estate agent shall be payable from the Receiver's six-percent compensation (unless modified by further Court order).

7. All persons occupying the Real Property are hereby ordered to leave and vacate the Property permanently within sixty (60) days of the date of this Order, at 12:00 o'clock noon of such day, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Real Property). If any person fails or refuses to leave and vacate the Real Property by the time specified in this Order, the United States

Marshal's Service is authorized to take whatever action it deems appropriate to remove such person from the premises. Specifically, the United States Marshal (or his/her designee) is authorized and directed to take all actions necessary to enter the Real Property at any time of the day or night and evict and eject all unauthorized persons located there, including Norman E. Kain and Sally A. Kain, and any occupants. To accomplish this and to otherwise enforce this Order, the United States Marshal shall be authorized to enter the Real Property and any and all structures and vehicles located thereon, and to use force as necessary to accomplish this mission. The United States Marshal is further authorized, if necessary, to physically remove all unauthorized persons and as set forth below, unauthorized personal property from the Real Property. When the United States Marshal concludes that all unauthorized persons have vacated, or been evicted from the Real Property, he or she shall relinquish possession and custody of the Real Property to the Receiver, or her designee, and secure the property by changing the locks on all access doors to the Real Property. Should Norman E. Kain or Sally A. Kain, or any other unauthorized persons attempt to re-enter the Real Property during the time this Order is in effect, said persons may and shall be ejected by the United States Marshal without further order of the Court, and said person shall be found in contempt of this Order of the Court, which may subject that person to fine, incarceration, or both.

8. If any person fails or refuses to remove his or her personal property from the Real Property by the time specified herein, including after any unauthorized person is required to be physically removed by the United States Marshal, the personal property remaining on the Real Property thereafter is deemed forfeited and abandoned, and the United States Marshal's Service or the Receiver is authorized to remove it and to dispose of it in any manner it or he deems appropriate, including sale, in which case the proceeds of the sale are to be applied first to the

expenses of sale and the balance to be distributed to the United States for application to the unpaid tax liabilities of Norman E. Kain.

    9.    The Receiver is also hereby authorized to remove any personal property belonging to Norman E. Kain, and store the same at the expense of Norman E. Kain. The Receiver is further vested with the authority to terminate said storage after thirty days if such property is not claimed or otherwise disposed of by Norman E. Kain.

    10.    Any and all such costs related to: (1) eviction proceedings; and, (2) the removal and/or storage of personal property, shall be surcharged against Norman E. Kain's share of the distribution from the proceeds of the Receiver's sale of the Real Property, if any.

    11.    The United States Marshal, within ten (10) days of the entry of this Order, shall provide notice of it to the defendant Norman E. Kain or any other person residing at or occupying the Real Property, by hand delivery of a copy of this Order, or by leaving a copy of this Order posted in a prominent location at the structure situated on the Real Property.

## II. SALE OF THE PROPERTY

Pursuant to 26 U.S.C. §§ 7402(a) and 7403(b), the federal tax liens for the federal tax liabilities of the defendant Norman E. Kain shall be enforced through foreclosure and sale of the Real Property by the Receiver as follows:

    1.    The Receiver Jody Holloway is authorized to offer for public sale and to sell the Real Property.

    2.    The terms and conditions of the sale are as follows:

        a.    The sale of the Real Property shall be free and clear of all rights, titles, claims, liens and interests of all parties to this action, including the plaintiff United States and the defendants Norman E. Kain, Sally A. Kain,

        Sovereign Financial Management, the State of Indiana, and Wells County, Indiana, and any successors in interest of transferees of those parties;

b.     The sale shall be subject to building lines, if established, all laws, ordinances, and governmental regulations (including building and zoning ordinances) affecting the Real Property, and easements, restrictions, and reservations of record, if any;

c.     The Real Property shall be offered for sale "as is," with all faults and without any warranties either express or implied;

d.     The sale shall be held by public sale, through advertisement by the Receiver via the posting of a sign on the Real Property, as well as by listing the Real Property for sale via electronic Multiple Listing Services as is normal and customary in the area where the Real Property is situated, and the Receiver shall be entitled to hold one or more open houses located on the Real Property's premises;

e.     The Receiver shall announce the date and time for the final receipt of all bids;

f.     Notice of the sale shall be published once a week for at least four consecutive weeks before the sale in at least one newspaper regularly issued and of general circulation in Wells County, and, at the discretion of the Receiver, by any other notice the Receiver deems appropriate. State law notice requirements for foreclosure or execution of sales do not apply to this sale under federal law. The notice shall contain adequate description of the Real Property, but need not contain the full legal

      description, and shall contain the terms and conditions of sale set forth in this Order.

g.     The Receiver shall set the minimum bid price for the Real Property. If the minimum bid is not met or exceeded, the Receiver may, without further permission of this Court, and under the terms and conditions of this Order, hold a new public sale and, if necessary, reduce the minimum bid;

h.     At the time of the sale, the successful bidder shall deposit with the Receiver, by cash, certified check or cashier's check payable to the Clerk of the United States District Court for the Northern District of Indiana, a deposit in an amount between five (5) and twenty (20) percent of the minimum bid as specified by the Receiver in the published notice of sale. Before being permitted to bid at the sale, potential bidders shall display to the Receiver proof that they are able to comply with this requirement. No bids will be accepted from any person(s) who have not presented proof that, if they are a successful bidder, they can make the deposit required by this Order;

i.     The closing shall not occur before the proposed sale has been approved by further order of this Court as described in paragraph II(2)(k), below. The successful bidder(s) shall pay the balance of the purchase price for the Property within forty-five (45) days following the date of the sale. The cash, certified or cashier's check tendered as payment in full of the purchase price shall be made payable to the United States District Court for the Northern District of Indiana, and shall be given to the Receiver

8

    who will deposit the funds with the Clerk of this Court.  If the bidder fails to fulfill this requirement, unless the United States agrees to an extension, the deposit shall be forfeited and shall be applied to cover the expense of the sale, with any amount remaining to be applied to the liabilities of Norman E. Kain at issue herein.  The Clerk shall distribute the forfeited deposit as directed by the Receiver.  The Real Property shall be again offered for sale under the terms and conditions of this Order, or in the alternative, sold to the second highest bidder.

j. The Clerk of the District Court is directed to accept the deposits and proceeds of the sale and deposit them into the Court's registry for distribution pursuant to further order of this Court;

k. The sale of the Real Property shall be subject to confirmation by this Court. On confirmation of the sale, the United States and/or the Receiver, or their respective agent, shall execute and deliver a deed under the authority of this Court conveying the Real Property to the successful purchaser(s) via quitclaim deed or a receiver's deed, effective as of the date of the confirmation of the sale.  On confirmation of the sale, all interests in, liens against, or claims to the Real Property that are held or asserted by all parties to this action are discharged and extinguished. Redemption rights under state law shall not apply to this sale under federal law.

l. When this Court confirms the sale, the Register of the Deeds for Wells County shall cause the transfer of the Real Property to be reflected upon

        that county's Register of Deeds. The successful bidder at the sale shall pay, in addition to the amount of the bid, any document stamps and the Clerk's registry fees as provided by law; and

   m.    The sale of the Property is ordered pursuant to 26 U.S.C. § 7403 and is made without right of redemption.

3.    Pending the sale of the Real Property and until the deed to the Real Property is delivered to the successful bidder, the Receiver and/or the United States is authorized to have free and full access to the Real Property and any buildings, improvements, fixtures, and appurtenances thereon, in order to take any and all actions necessary to preserve the Real Property, including, but not limited to, retaining a locksmith or other person to change or install locks or other security devices on any part of the Real Property, and to allow prospective purchasers to attend an open house or otherwise inspect the Real Property.

4.    Until the Real Property is sold, Norman E. Kain shall take all reasonable steps to preserve the Real Property (including all buildings, improvements, fixtures, and appurtenances on the Real Property) in their current condition including, without limitation, maintaining a fire a casualty insurance policy on the Real Property naming the United States of America as an additional insured beneficiary. Norman E. Kain shall neither commit waste against the Real Property nor cause nor permit anyone else to do so. Norman E. Kain shall not record any instruments, publish any notice, or take any action (such as running newspaper advertisements, posting signs, or making internet postings) that may directly or indirectly tend to deter or discourage potential bidders from participating in the Receiver's

      marketing and sale of the Real property, nor shall he cause or permit anyone to do so. Violation of this paragraph shall be deemed a contempt of court and punishable as such.

5. All persons occupying the Real Property shall vacate the Real Property permanently within sixty (60) days of the date of this Order, each taking with them his or her personal property (but leaving all improvements, buildings, fixtures, and appurtenances to the Real Property). If any person fails or refuses to timely vacate the Real Property as specified in this paragraph, the Receiver is authorized to coordinate with the United State Marshal to take all actions that are reasonably necessary to have those persons ejected. The United States Marshals Service is authorized and directed to take any and all necessary actions, including but not limited to the use of reasonable force, to enter and remain on the premises, which includes, but is not limited to, the land, building, vehicles, and any other structures located thereon, for the purpose of executing this Order. The United States Marshals Service is further authorized and directed to arrest or evict from the premises any persons who obstruct, attempt to obstruct, or interfere or attempt to interfere, in any way with this Order.

6. Within 15 days of vacating the Real Property, the occupants or their counsel shall notify the Court and Counsel for the United States in writing of their forwarding address. Notification shall be made by contacting the attorney of record for the United States by email at his email address of record, or that of his successor, or in writing via First Class United States Mail at: U.S. Department of Justice, Tax Division, CTS-N, P.O. Box 55, Ben Franklin Station, Washington, D.C. 20044.

7. Any personal property remaining on the Real Property after the vacating date specified by this Order in paragraph II(5), is deemed forfeited and abandoned. The Receiver is authorized to dispose of it in any manner they see fit, including sale, in which case the proceeds of the sale are to be applied first to the expense of the sale and the balance to be paid to the Court for further distribution. Checks for the purchase of personal property shall be made out to the Clerk of the Court for the Northern District of Indiana, and the Clerk is directed to accept these checks and deposit them into the Court's registry for distribution pursuant to further order of this Court.

8. All rights to rents of or from the Real Property arising after this Order and before the confirmation of the sale shall constitute proceeds of the Real Property, and such rents shall be turned over to, and paid to, the United States or the Receiver for deposit and distribution in the same manner as the proceeds of the sale of the Real Property. On confirmation of the sale of the Real Property, all rights to product, offspring, rents, and profits of or from the Real Property arising thereafter shall transfer to the successful purchaser(s) and all risk of losses associated with the Real Property shall transfer to the successful purchaser(s).

9. After the Court confirms the sale, the proceeds of sale of the Real Property shall be distributed to the parties in the following order of priority until the proceeds are exhausted:

   a. First, to the Receiver, for the expenses of the sale, including any expenses incurred and paid to secure or maintain the Real Property pending sale and

>   confirmation by the Court, and for the Receiver's commission which shall equal six-percent of the sale price;
>
> b. Second, to Wells County, in the State of Indiana, for unpaid real estate taxes, penalties, and assessments;
>
> c. Third, to the United States and the State of Indiana for the federal internal revenue taxes, and statutory additions, and state income taxes, penalties and accrued interest, in a manner that is in accordance with the relative priorities of the liens of the United States and the State of Indiana, as more fully set forth in the Stipulated Order Regarding Lien Priority and Agreed Final Judgment (DE 49).
>
> d. The remaining sale proceeds, if any, to be distributed pursuant to further order of the Court.
>
> e. The United States and the Receiver shall file a further motion for approval of the sale of the Real Property and for distribution of the proceeds of the sale as set forth herein.

### III.  CONCLUSION

For the foregoing reasons, the undersigned Magistrate Judge RECOMMENDS that Plaintiff United States' Motion for Appointment of Receiver and Order of Sale (DE 51) be GRANTED.

The Clerk is directed to send a copy of this Report and Recommendation to Norman E. Kain and to counsel for the parties.  NOTICE IS HEREBY GIVEN that within 14 days after being served with a copy of this recommended disposition a party may serve and file specific, written objects to the proposed findings and/or recommendations.  Fed. R. Civ. P. 72(b).

FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER.

SO ORDERED

Entered this 13th day of October 2017.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge